CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

12/19/2025
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
      DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| HERMAN TRACY EVANS, *Plaintiff*, v. THE CITY OF LYNCHBURG, ET AL., *Defendants*. | CASE NO. 6:24-CV-00019<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

In this excessive force case involving a police canine, Plaintiff Herman Evans ("Evans") moves to exclude the opinion of The City of Lynchburg's ("City") expert witness—Jeffrey T. Barrett ("Barrett"). Dkt. 24. Evans' motion will be granted in part and denied in part.

**I.   Background**

Barrett is a retired police officer, having served 31 years as a canine handler. Dkt. 26-1 at 4. For the last 22 years of his law enforcement career, Barrett trained other law enforcement officers on handling police canines. *Id.* Barrett has 1,920 hours of canine training, having attended at least sixteen advanced courses on handling police canines. *Id.* at 5. Barrett also served as an instructor for canine handlers, providing trainings for the Federal Bureau of Investigation; the Secret Service; Customs and Border Patrol; and the U.S. Army and Marine Corps. *Id.* at 6. He has served as an expert witness in at least three other cases and co-authored the book, *Canines in the Courtroom. Id.*

Barrett offers four opinions (although the confines of those opinions are not as clearly defined as they should be). First, he reviewed the training records for Officer Reed and the canine

Knox—the police officer and canine accused of using excessive force against Evans—and will opine that they received sufficient training. *Id.* at 13. Second, he generally opines on acceptable use of force procedures involving police canines, including the Lynchburg Police Department's use of force directives. *Id.* at 14. Third, he opines on Evans' behavior, concluding that he "agrees with the assessments made by Officer Reed about Evans being under the influence of drugs and alcohol." *Id.* at 15. And fourth, he opines that based on the facts of this case Reed's decision to employ the canine Knox against Evans was a reasonable use of force. *Id.* at 16.

## II. Legal Standards

A witness may be qualified as an expert based on "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. An expert may testify "in the form of an opinion or otherwise" if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

*Id.*

Two competing principles guide the analysis of whether an expert is qualified. *See Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). On the one hand, "Rule 702 was intended to liberalize the introduction of relevant expert evidence," but on the other hand, "expert witnesses have the potential to 'be both powerful and quite misleading.'" *Id.* (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993)).

Trial courts must ensure that expert testimony or evidence is "not only relevant, but reliable." *Daubert*, 509 U.S. at 589. The Court's gatekeeping function "applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Technical and specialized knowledge can include professional experience in a "field writ large." *In re Bos. Sci. Corp. Pelvic Repair Sys. Prods. Liab. Litig.*, 2018 WL 2440268, at *3 (S.D.W. Va. May 30, 2018) (citing *Eskridge v. Pac. Cycle, Inc.*, 556 F. App'x. 182, 190–91 (4th Cir. 2014)).

"[A]n expert's testimony is relevant if it has 'a valid...connection to the pertinent inquiry.'" *Belville v. Ford Motor Co.*, 919 F.3d 224, 232 (4th Cir. 2019). To be relevant, the testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702 (advisory committee's note to 2023 amendment); *see also Maryland Shall Issue, Inc. v. Hogan*, 2021 WL 3172273, at *3 (D. Md. July 27, 2021) ("Helpfulness to the trier of fact is 'the "touchstone"' under Rule 702.").

To be sufficiently reliable—especially where, as here, the expert is relying on professional experience rather than scientific evidence or data—the witness "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 (advisory committee's note to 2000 amendment). However, the Fourth Circuit allows expert testimony based on experience. *See, e.g., Eskridge*, 556 F. App'x. at 190–91 (finding a bicycle engineer's experience with "hundreds of cases of accidents" and "decades of experience in the industry in general" provided a reliable basis to testify about whether bicycle purchasers read warnings and dismissing concerns that the bicycle expert's testimony was nothing more than personal opinion because of his "years of experience" and assurance that all of his opinions were "to a reasonable degree of engineering

3

certainty"). And courts around the country have recognized law enforcement officers as expert witnesses based on their professional experience and training. *E.g.*, *United States v. Dermen*, 143 F.4th 1148, 1206 (10th Cir. 2025) (collecting cases recognizing that law enforcement officers are expert witnesses when they rely on their past professional experience and training to offer an opinion); *United States v. Johnson*, 916 F.3d 579, 587 (7th Cir. 2019) ("testimony is reliable when based [] on significant law enforcement experience.").

"In performing [its] gatekeeping role, a district court 'is not intended to serve as a replacement for the adversary system, and consequently, the rejection of expert testimony is the exception rather than the rule.'" *United States v. Smith*, 919 F.3d 825, 835 (4th Cir. 2019); *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

### III.    Discussion

Evans seeks to exclude Barrett's opinions, arguing they: (1) are outside the scope of Barrett's expertise, (2) are legal conclusions; and (3) are not derived from reliable principles or methods. *See* Dkt. 25 at 9–11. Generally, these arguments collide with Barrett's experience and education—including decades as a law enforcement officer and canine handler and numerous, specialized trainings in handling police canines. Dkt. 26-1. Barrett has also trained other law enforcement officers—including FBI agents--on handling police caninesand has written a book on police canines. *Id.* Based on these qualifications, Barrett appears to be able to offer reliable testimony about the national standards and procedures for: (1) training officers and canines, and (2) employing canines in the field.[1] This testimony will assist the jury in deciding whether Officer

---

[1]    Barrett's expert report would certainly have been stronger had he cited to peer-reviewed articles or accepted national policies regarding the use of police canines. His report is devoid of such citations. *See*

Reed's actions deviated from the standard practices involving police canines, which in turn, will help the jury decide whether Officer Reed used excessive force against Evans. Therefore, Barrett's testimony about the standards and procedures for training and using police canines appears to be both reliable and relevant—the two hallmarks of any *Daubert* inquiry. *See Daubert*, 509 U.S. at 589.

Barrett is also free to apply his expertise—*i.e.*, knowledge about how canines should be trained, handled, and employed in the field—to the facts of this case and is free to opine on whether Officer Reed deviated from standard police practices. *See United States v. Harris*, 46 F.3d 1127 at 2 (4th Cir. 1995) (table opinion) ("An expert can testify to the ultimate issue so long as there is an adequate foundation."). However, Barrett will not be allowed to opine on whether Officer Reed used excessive force in violation of the Constitution as that crosses the line from offering an opinion on the ultimate issue to offering an impermissible legal conclusion. *See United States v. Campbell*, 963 F.3d 309, 314 (4th Cir. 2020) ("The line between a permissible opinion on an ultimate issue and an impermissible legal conclusion is not always easy to discern.").

Barrett will also be precluded from offering expert testimony on Evans' behavior. Barrett purports to "agree with the assessments made by Officer Reed about Evans being under the influence of drugs and alcohol." Dkt. 26-1 at 15. However, Barrett provides no basis for reaching that opinion. He does not purport to be an expert in toxicology or in any behavioral science. He also was not present on the date of the incident to personally observe Evans' behavior. Rather, Barrett appears to be parroting Officer Reed's view of the facts. The jury can compare Officer Reed's and Evans' testimony, review any additional evidence (including if there is shoulder camera

---

Dkt. 26-1. However, the Court can infer from Barrett's extensive training and experience that he is familiar with such articles and policies. At trial, counsel should be prepared to lay a foundation establishing Barrett's familiarity with the accepted, nationwide professional standards and procedures for training police canines and employing them in the field.

5

footage), and make a factual determination about Evans' behavior without any assistance from Barrett. Barrett's attempt to pile on when he was not a firsthand witness to Evans' behavior crosses the *Daubert* line and will not assist the jury in any meaningful way. Accordingly, that proffered testimony must be excluded.

### IV. Conclusion

For the foregoing reasons, Barrett will be permitted to testify about: (1) the sufficiency of Reed's and Knox's training according to the national law enforcement standards, (2) the nationally accepted standard for use of force involving police canines and related procedures; and (3) how those standards and procedures apply to the facts of this case. However, he cannot veer into the realm of a fact witness by opining on whether Evans was intoxicated or how he was behaving. He also cannot render a final legal conclusion on whether Officer Reed used excessive force in violation of the constitution.

A separate order will issue.

Entered this 19th day of December, 2025.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE